UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROLAND IRVING NEAL,              )
                                 )
            Plaintiff,           )
                                 )
        vs.                      )        No. 4:08-CV-1157 (CEJ)
                                 )
                                 )
CITY OF ST. LOUIS, et al.,       )
                                 )
            Defendants.          )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's amended motion to remand this action to the Twenty-Second Judicial Circuit Court (St. Louis City) where it was originally filed. Defendants oppose the motion and the issues are fully briefed.

Plaintiff Roland Irving Neal owned real property located in the City of St. Louis at 3135 Thomas Street, 3137 Thomas Street, and 3141 Dr. Martin Luther King Drive. Plaintiff alleges that defendant St. Louis Housing Authority (S.L.H.A.), through defendants Dolores Outlaw and Jawwad Love, offered to purchase the properties for $35,000.00. On behalf of the other defendants, defendant Development Resource Group (D.R.G.) maintained contact with plaintiff regarding this offer. Defendant City of St. Louis (City) subsequently demolished plaintiff's Thomas Street properties. Defendant S.L.H.A. then reduced its initial offer to purchase from $35,000.00 to $3,100.00 and charged plaintiff $19,800.00 for the demolition.

On June 30, 2008, plaintiff brought a claim of conspiracy to damage his property rights, wrongful demolition, and fraud against defendants City, S.L.H.A., D.R.G., Dolores Outlaw, and Jawwad Love. In his prayer for relief, plaintiff seeks damages for the reduction in the offer to purchase and the demolition charge.

Defendant City removed the action to this Court, asserting jurisdiction on the basis of federal question under 28 U.S.C. § 1331. Plaintiff now seeks remand, arguing that the Court lacks jurisdiction because defendant City failed to file its removal petition within 30 days as set forth under 28 U.S.C. § 1446(b); (2) all defendants did not consent to the removal petition; and (3) plaintiff's pleading are insufficient to invoke federal question jurisdiction.

## Discussion

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). The federal removal statute provides that a case is not removable unless:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not

> removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  See <u>Dahl v. R.J. Reynolds Tobacco Co.</u>, 478 F.3d 965, 968 (8th Cir. 2007); <u>Lindsey v. Dillard's, Inc.</u>, 306 F.3d 596, 600 (8th Cir. 2002).

Plaintiff asserts that the Notice of Removal was untimely under 28 U.S.C. § 1446(b).  Defendant City states that it "was of the belief that any petition for removal would have been timely filed on August 7, 2008."  (Doc. #9, at 1).  The parties do not disagree about whether the case was removable when plaintiff originally filed the case.  Therefore, the one-year limitation in paragraph two of § 1446(b) does not apply.  The only question is whether the removal petition was timely under the thirty-day limit under paragraph one of § 1446(b).

In its Notice of Removal, defendant City states that it was served with a copy of the petition on July 7, 2008.  Thirty-one days after service, on August 7, 2008, defendant City filed its Notice of Removal.  The removal petition was not filed within the time limit set forth in 28 U.S.C. § 1446(b), and this action must therefore be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's amended motion to remand [Doc. #10] is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of November, 2008.